UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON RANSOM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VOLUNTEERS OF AMERICA,<br><br>　　　　　　Defendants. | No. 2:17-cv-02494 JAM AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

## I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint

1

must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

The complaint alleges violations of the Americans with Disabilities Act against defendant for their alleged failure to properly maintain sidewalk areas around plaintiff's home. ECF No. 1. The court notes that plaintiff has an Americans with Disabilities Act case currently pending against the same defendant (as well as other defendants), also for alleged housing-related violations. See, Ransom v. Sacramento Housing Redeveloping Agency ("SHRA") et al., 2:17-cv-01366-TLN-AC.

## III. ANALYSIS

This case is duplicative of one that is already pending before the undersigned, and therefore must be dismissed. The correct way for plaintiff to bring the additional allegations asserted against defendant in this case is to seek to amend his complaint in the already-pending case, pursuant to Federal Rule of Civil Procedure 15.

## IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED;

Further, IT IS HEREBY RECOMMENDED that all claims against all defendant should be DISMISSED without prejudice, so that plaintiff may seek to include them in an amended complaint in Ransom v. SHRA, 2:17-cv-01366-TLN-AC.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////
////
////
////

3

within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED

DATED: December 4, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE